# APRIL 28, 1943

W. D. HOOTEN V. THE STATE.

No. 22478. Delivered April 28, 1943.

The opinion states the case.

*G. C. Harris,* of Greenville, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was charged by complaint and information with the illegal transportation of whisky in a dry area, and was assessed a fine of $100.00 by a jury.

The facts show that two deputy sheriffs in Hunt County had received certain information relative to a described automobile containing liquor, which was being driven in Hunt County. They were watching the roads for such automobile in the nighttime when appellant and his brother passed them in an automobile which was similar to the expected car. Upon being accosted, they finally brought appellant to a stop and asked him what he had in his car, and he replied "whiskey." The officers found three cases of whisky, seventy-two bottles, in the car; they could see the boxes and cartons from the outside. Appellant was driving the car.

Appellant's defense was shown to be that he was subject to "migraine headaches" and colds in the head, and he used whisky for the purpose of relieving his suffering from such ailments; that he drank about two pints a week therefor. That he had purchased such whisky at Dallas from a company where he had worked at one time, and was intending to move to Texarkana in Bowie County, both of which places were wet areas, and he intended to use such whisky for his own personal use. There was a special sale on at the store where the liquor was purchased on the day he bought this whisky, and he saved $7.00 per case, just before a new tax went into effect on such beverage.

It is contrary to the law to transport any liquor in a dry area except that one may transport liquor for his own consumption from a place where the sale thereof is legal to a place where the possession thereof is legal. See Art. 666-23a, Vernon's Ann. Texas Penal Code. The trial court so charged the jury, and also embodied in such charge Section 2 of the above article, which was the section providing that possession of more than one quart of liquor in a dry area is prima facie evidence that same was possessed for the purpose of sale. We do not find any exception to the court's charge on account of the fact that such possession was embodied in the court's charge. We do find an exception of the trial court's definition of "prima facie evidence," but think that such phrase was correctly defined in the final charge given to the jury.

Many bills of exceptions relate to the court's charge, and mainly to the presentation therein of the appellant's defense.

The trial court told the jury, in substance, that it was no offense against the law for one to purchase liquor in a wet area and transport same through a dry area to another wet area, and "If you believe from the evidence or if you have a reasonable doubt thereof that the defendant W. D. Hooten had purchased the whiskey introduced in evidence in a wet area, and at the time of his arrest was transporting such whiskey to his home for his own consumption, you will find the defendant not guilty." It seems that the court's charge properly presented appellant's defense.

It is contended by appellant that such charge should have gone further and instructed the jury that they should believe beyond a reasonable doubt that appellant was transporting such whisky for the purpose of sale before a conviction herein would be authorized. Art. 666-4 (b), Vernon's Ann. Texas P. C. provides, (b) :

"It shall be unlawful for any person in any dry area to manufacture, distill, brew, sell, possess for the purpose of sale, import into this State, export from the State, transport, distribute, warehouse, store, solicit or take orders for, or for the purpose of sale to bottle, rectify, blend, treat, fortify, mix or process any liquor, distilled spirits, whiskey, gin, brandy, wine, rum, beer or ale."

It will be noted from this punitive statute that nowhere therein does it leave even the inference that such liquor must be transported for the purpose of sale, but instead, where such possession becomes vital to the offense, it is plainly stated therein.

Again, appellant complains because the trial court did not instruct the jury that Dallas County was a wet area and Bowie County was a wet area, evidently in order to render operative the statute that provides: "that any person who purchases alcoholic beverages for his own consumption may transport same from a place where the sale thereof is legal to a place where the possession thereof is legal." Art. 666-23a, Vernon's Ann. P. C. This provision of the law was embodied in the court's charge, but nowhere therein did he instruct the jury on the wet status of Dallas and Bowie Counties. We do note, however, that in the statement of facts there appears the following agreement: "It is agreed by the parties, and on such agreement the court takes judicial notice of the fact that on the date alleged in the information in this case and on the occasion in question, Dallas County, Texas, and Bowie County, Texas, were wet areas under the terms of the Texas Liquor Control Act."

We think the jury were in proper knowledge of the wet condition of both counties, and such condition was not a matter at issue before the jury.

Bill of exceptions No. 3 complains because the trial court sustained the State's objection to the following question propounded to appellant: "How much cheaper was it (the whisky) a case before the government tax went on?" The appellant's attorney stated that he expected to prove by appellant "that he bought the whiskey $14.00 a case cheaper before the tax went on." We are aware of the fact that appellant was allowed to testify that: "I bought such a quantity of whisky because I bought it at a special price. By special price I mean I bought it around $7.00 a case cheaper than I had bought it before. It was a special they had on that Saturday. It was just a few days before government tax went on whiskey."

The effect of the proffered testimony would have added a further saving of $7.00 per case on the purchase of such a quantity of whisky, and we think appellant was entitled to such proof. If he was entitled to show a saving of $7.00 per case by means of such a large purchase, the addition of a like amount of saving might have had some effect on the jury's attitude in the presence of a seventy-two pint bottle purchase.

Bill No. 4, which complains of a matter similar to No. 3, is incomplete in that it is not therein shown what the expected answer would have been.

By virtue of the matters discussed in bill of exceptions No. 3, this judgment is reversed and the cause remanded.